[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO EXTEND TIMETO SUBMIT REQUEST FOR EXCLUSION FROM SETTLEMENT CLASS
This is a class action regarding Colonial Metro Limited Partnership, its various investors and the Bank of New York ("Bank"). Thomas P. Heslin and Mary M. Heslin ("Heslin") have been certified as class members pursuant to the order of the court.
The court, by articulation filed August 5, 1994, certified the case as a class action by the investors including Heslin against the Bank after a hearing conducted July 25, 1994. It was found that over 546 individuals purchased interest in the Colonial Metro Limited Partnership ("Partnership") in consideration for $50,000 per unit. The Bank in some measure provided financing.
At come point thereafter the Bank brought individual actions in state court against most if not all of the investors to collect on the notes. The investors raised various defenses relating thereto. This class action seeks to aggregate the claims of the investors and those of the Bank. The within action involves a seven count complaint wherein the investors advance certain claims against the Bank.
It is the proposed settlement of the respective claims by the parties against each other that is attempted by the settlement proposed in this class action.
In conjunction with the other procedures on July 25, 1994, the court ordered that Notice be provided to the individual investors. A copy of the Notice was fully set forth as an attachment to the court order as a twenty-one page CT Page 11708 document. Counsel were ordered to mail a copy of the Notice to each and every individual who directly, or through an agent, executed, authorized or ratified a note to finance an investment in the partnership and others (including Heslin). Certain publication notices were also required. The file reflects a return of notice indicating that the individual notices were mailed to the 2,621 members of the proposed class and that the publication was given in the New Haven Register
and the Hartford Courant as ordered by the court. An affidavit of publication was provided in connection therewith. The notice which was provided to the investors in the said manner discussed on the first page the possibility that an investor could "opt out of this settlement." The Notice described the action and the proposed settlement. Details with regard to the procedure for electing to be excluded from the settlement were contained on pages 6, 7 and 8 of the notice as follows:
"B. Election to be Excluded from the Settlement.
If you want to be excluded from the Settlement, you must complete the enclosed form ("Request for Exclusion") and return it by mail to Class Counsel c/o The Lawyers Group, at 414 Meadow Street, Waterbury, CT 06702 postmarked no later than August 26, 1994. If you and any other person including your spouse jointly own an interest in Colonial Metro Limited Partnership, both of you must return the enclosed form in order to be excluded from the Class.
By electing to be excluded from the Settlement, you will be affected in the following ways:
 1) The Lender may continue to prosecute any action it has commenced or may sue you for any alleged amounts due and owing in connection with promissory notes you allegedly executed, authorized or ratified in conjunction with your investment in Colonial Metro Limited Partnership. Class Counsel will not represent you in such a lawsuit;
 2) You will not be represented by Class Counsel with respect to any claims you may have against the Lender;
3) You will not be bound by any decision in this CT Page 11709 lawsuit; and
 4) At your own expense, you may present any claims you have against the Lender by filing your own lawsuit and, at your own expense, will have to defend any claims or counterclaims asserted against you by the Lender.
If you have commenced an individual action against the Lender and desire to continue that action, you must exclude yourself from this Action in the manner described above. If you do not act to exclude yourself from the Class (i.e., if you do nothing), you will be deemed to be a participant in Settlement, which will require you to release your claims against the Lender and make payments to Lender as described below.
If you have timely requested exclusion from the Class, you will not be permitted to share in the benefits of the Settlement and you will not be bound by the final order and judgment entered by the Court if the Settlement is approved."
As indicated above, the notice required a request to be excluded to be postmarked no later than August 26, 1994.
An actual copy of a form which could be used was attached to the notice at the end as a separate page which read as follows:
REQUEST FOR EXCLUSION
 Read the enclosed legal notice carefully before filling out this form
I do NOT wish to remain a member of the plaintiff Class certified in the case of David Rosen, et al v. Bank of NewYork, in Superior Court for the Judicial District of Fairfield at Bridgeport and I understand that exclusion may result in a lawsuit being filed against me which I will defend at my own expense.
Date: ____________________
Signature: ____________________
_______________________________ (Print name of person signing) CT Page 11710
If you want to exclude yourself from the Class, you must fill in and return this form by mailing it before August 26, 1994 to:
Class Counsel c/o Lawyers Group 414 Meadow Street Waterbury, CT 06702
Note: A Separate Request for Exclusion should be completed and timely mailed by each person and entity electing to be excluded from the Class.
After the expiration of the time for opting out, Heslin filed the instant motion entitled "Motion to Extend Time To Submit Request For Exclusion From Settlement Class." The motion was dated October 27, 1994, and was apparently filed in Court on October 31, 1994, at 10:07 a.m. The Bank/defendant on or about November 11, 1994, filed an objection to the motion to extend time to submit request for exclusion, and on November 14, 1994, Heslin filed a response to the defendant's objection. The matter was set down for hearing before the court on November 14, 1994 at Norwich when the parties appeared. The class, the Bank and Heslin were all represented by counsel. Counsel for the class notified the court that it took no position with regard to the matter. The moving parties, Thomas P. Heslin and Mary M. Heslin were represented at the hearing by Thomas P. Heslin, himself, who is an attorney at law in the State of Connecticut of long standing. At the hearing, Heslin advanced the arguments set forth in the written motion and supported by the affidavits attached thereto. In substance, the motion indicates that "Mr. Heslin and Mrs. Heslin did not timely file requests for exclusion due to their oversight and unfamiliarity with the form of notice in which the request for exclusion was sent. . ."
In addition, Heslin's claim that they have a meritorious defense to the Bank's action against them and presently desired to opt out of the settlement class so that they may pursue the same. In their affidavits, the Heslins acknowledge having received the notice previously identified on or about July 22, 1994 (which would have been over a month prior to the opt out date deadline). In addition, the Heslins acknowledged CT Page 11711 that on or about July 29, 1994 they received a second notice or letter from counsel for the class which they admit "makes passing reference to an opt-out date."
At the hearing, counsel for the defendant produced two witnesses, JoEllen Morman and Attorney Robin Rosenthal. From their testimony the court finds that the notices which the Heslins admitted receiving were sent to them, but also a third notice in the form of a postcard (Defendant's Exhibit 2) was forwarded to all investors including the Heslins. The second notice (Defendant's Exhibit 1) which the Heslins acknowledge receiving clearly indicates, in all capital letters (as opposed to the upper and lower case typing for the balance of the document), special instructions for opting out, "If YOU DO NOT WISH TO SETTLE, YOU MUST FOLLOW THE INSTRUCTIONS FOR OPTING OUT OF THE SETTLEMENT CLASS." The third notice to the investors contained in the postcard (Defendant's Exhibit 2) clearly indicated that "IN THE EVENT THAT YOU OBJECT TO THE PROPOSED SETTLEMENT AND DO NOT WISH TO REMAIN AS A MEMBER OF THE SETTLEMENT CLASS, YOU MUST RETURN THE REQUEST FOR EXCLUSION INCLUDED WITH THE OFFICIAL NOTICE FROM THE COURT NO LATER THAN AUGUST 26, 1994."
The Heslins were out of the country, according to their affidavit, at the time the third notice (postcard) would have been mailed to them, but returned on August 21, 1994, five days prior to the deadline for opting out.
The facts brought out on cross-examination of the defendant's witnesses do indicate that Attorney Thomas Heslin contacted the Class Attorney's office and spoke with paralegals and attorneys there about their procedures and interpretations relating to claims of forgery. Plaintiff's Exhibit 3 also indicates that Attorney Thomas P. Heslin on his own behalf forwarded to counsel for the Class a postcard indicating that he had a preliminary intent to participate in the note settlement of the Colonial Metro Limited Partnership matter. This postcard, however, is not claimed by any party as conclusive since it was a preliminary inquiry by counsel to the proposed members of the class in advance of the orders of the court, class certification and detailed notice referred to above. These facts, however, indicate to the court that Attorney Heslin was knowledgeable of the pending matters and familiar with Class counsel and had taken steps to make inquiries with regard to the matters being handled by Class CT Page 11712 counsel. The court finds from the evidence that at no time did either Heslin notify Class counsel or anyone else that they did not intend to participate in the settlement or that they desired to "opt out" either by telephone or otherwise.
Both parties as above have extensively briefed the issues raised in this motion. The court finds most compelling, the language of the United States District Court for the Western District of Oklahoma in the case of In Re Four SeasonsSecurities Laws Litigation Opinion No. 4, 59 F.R.D. 667
(1973); Reversed on other grounds, 502 F.2d 834 (1974). The court there was reviewing the question of mistake and inadvertence in connection of opting out of a class action securities case. That court noting that the notices had been received and that no action was taken until subsequent to the time limit, the court said, "If the order was not read, one or more of Ohio's attorneys were negligent; if it was read, and not acted upon, they were equally negligent. . ."
The court went on to say "if mere failure to read a notice sent . . . were held to constitute either mistake, inadvertence or surprise sufficient to obtain relief under Rule 60(b), few judgments in large class actions would be free from successful attack, and settlement of such cases would be seriously discouraged. . ."
The court here finds the analysis there applicable to the present situation. The Heslins received ample notice, the court finds that they were not mislead by any conduct on behalf of the class counsel or the defendant brought to the court's attention at the evidentiary hearing and for reasons which were frankly and honestly explained in the Heslins' affidavits. The Heslins did not opt out within the period involved.
The court could not speculate as to how many other potential class members, if any, might fit into similar circumstances with the Heslins, but it is very clear that to permit an extension of time under circumstances found to exist in this situation could open the floodgates to other claims and put in jeopardy the benefits which are intended by the system to be derived from class actions of all kinds.
The motion is, therefore, denied. CT Page 11713
Leuba, J.